UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY JONES,

        Petitioner,

vs.                                 Case No.:   3:22-cv-609-BJD-JBT
                                                                                   3:17-cr-243-BJD-JBT

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

    This cause is before the Court on the United States' Motion for Order Finding Waiver of Attorney-Client Privilege. (Civ. Doc. 3, Motion).[1] More than 14 days have passed since the government filed the Motion and Petitioner Troy Jones has not responded. As a result, the Court deems the Motion unopposed. See M.D. Fla. Local Rule 3.01(c).

    After being charged in a six-count Indictment, Petitioner pled guilty under a written plea agreement to Count Two, distributing, causing to be distributed, and aiding and abetting the distribution of fentanyl resulting in death. (Crim. Doc. 65, Plea Agreement). The Court sentenced Petitioner to 240 months in prison, followed by a three-year term of supervised release. (Crim. Doc. 103, Judgment). Three attorneys represented Petitioner throughout the proceedings: Richard Komando, who represented Petitioner for only about two weeks, and William Kent and Ryan McFarland, who represented Petitioner the rest of the way, including through plea negotiations and sentencing.

---

[1]     "Civ. Doc. ___" refers to docket entries in the civil 28 U.S.C. § 2255 case, No. 3:22-cv-609-BJD-JBT. "Crim. Doc. ___" refers to docket entries in the criminal case, No. 3:17-cr-243-BJD-JBT.

1

Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 1, § 2255 Motion). According to Petitioner, he met with Mr. Kent and Mr. McFarland on three occasions between January 2018 and August 2019. (Civ. Doc. 1-1, Affidavit ¶¶ 9, 10). He alleges that lead counsel, Mr. Kent, gave ineffective assistance by failing to explain his statutory and guidelines sentencing exposure prior to Petitioner accepting the plea agreement. Id. ¶¶ 14, 18. He also alleges that Mr. Kent failed to explain that, to be liable for the resulting-in-death sentencing enhancement under 21 U.S.C. § 841(b)(1)(C), the government had to prove beyond a reasonable doubt that Petitioner's conduct was the "but for" cause of the victim's death. Id. ¶¶ 15, 16. And Petitioner alleges that Mr. Kent failed to explain the factual basis of his plea and the relation between the facts and the law. Id. ¶¶ 17, 19. As a result, Petitioner alleges, his guilty plea was not knowing and voluntary. Id. ¶ 19.

The government moves for an order finding that Petitioner has waived the attorney-client privilege by accusing his former attorney(s) of giving ineffective assistance. Specifically, the government asks the Court to find that (1) Petitioner has waived the attorney-client privilege with respect to communications with his former attorneys that are relevant to the claims raised in the § 2255 Motion; (2) the United States may investigate all communications between Petitioner and his former attorneys that are relevant to those issues, and may present evidence or elicit testimony regarding those communications at a future evidentiary hearing; and (3) Petitioner's former attorneys may disclose relevant attorney-client communications to the United States and testify about such matters by affidavit or an evidentiary hearing (should a hearing be necessary). (Civ. Doc. 3 at 6–7).[2]

---

[2] The United States conferred with Petitioner's former lead counsel, William Mallory Kent, who does not object to an order finding that Petitioner has waived the attorney-client privilege as

"A party 'waives [his] attorney-client privilege when [he] injects into th[e] litigation an issue that requires testimony from [his] attorneys or testimony concerning the reasonableness of [his] attorneys' conduct.'" Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) (quoting GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir. 1987)).

> Although the attorney-client privilege, in particular, and attorney-client confidentiality, in general, are important concerns due genuine deference, courts have never treated them as inviolable. When a defendant has challenged his conviction by asserting an issue that makes privileged communications relevant, he waives the privilege in respect to those communications.

Crutchfield v. Wainwright, 803 F.2d 1103, 1121 (11th Cir. 1986) (Edmondson, J., concurring), abrogation on other grounds recognized by United States v. Cavallo, 790 F.3d 1202 (11th Cir. 2015). In Laughner v. United States, the former Fifth Circuit rejected "the remarkable contention" that the trial court violated a § 2255 movant's attorney-client privilege by allowing former counsel to testify about confidential communications, which the movant put at issue by attacking the attorney's performance. 373 F.2d 326, 327 & n.1 (5th Cir. 1967).[3] The court explained:

> Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple

---

to communications between Petitioner and Mr. Kent or his co-counsel, Mr. McFarland. Id. at 6. As noted previously, Petitioner has not responded to the government's Motion.

[3]   Decisions issued by the former Fifth Circuit Court of Appeals before the close of business on September 30, 1981, are binding in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

about deciding that he thereby waives the privilege as to all communications relevant to that issue.

Id. at 327.

Based on these authorities and Petitioner's allegations against his former attorneys (see Civ. Doc. 1; Civ. Doc. 1-1), the Court concludes that Petitioner has waived the attorney-client privilege with respect to any communications with or between counsel that are relevant to the § 2255 Motion. The same conclusion applies to both lead counsel, Mr. Kent, and co-counsel, Mr. McFarland. See Gutierrez v. United States, No. 3:21-cv-938-TJC-MCR, 2022 WL 326623, at *2–4 (M.D. Fla. Feb. 3, 2022); Ragbir v. United States, Civ. No. 17–1256 (KM), 2018 WL 1871469, at *4 (D.N.J. Apr. 19, 2018). Accordingly, it is hereby **ORDERED:**

1. The United States' Motion for Order Finding Waiver of Attorney-Client Privilege (Civ. Doc. 3) is **GRANTED** to the extent stated below.

2. Petitioner has waived the attorney-client privilege with respect to communications with former counsel, Mr. Kent and Mr. McFarland, that are relevant to the issues raised in the § 2255 Motion. As such, the United States may investigate all communications with former counsel that are relevant to those issues, and it may present evidence and elicit testimony regarding those communications at an evidentiary hearing if one is held. Without violating their professional obligations, Mr. Kent and Mr. McFarland may disclose relevant attorney-client communications to the United States and testify about such

4

matters by affidavit or by evidentiary hearing (should a hearing be necessary).

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of July, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

lc 19

Copies:
Troy Jones
Counsel of record
William Mallory Kent, Esq.
Ryan McFarland, Esq.